IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION – IN ADMIRALTY

NO: 4:16-CV-00021-BR

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF TRAWLER SUSAN ROSE, INC. AS ) <br> OWNER OF THE FISHING VESSEL ) <br> SUSAN ROSE ) | ORDER |

This matter is before the court on claimant Stephen Maciura's ("Maciura") motion to stay this action for exoneration from or limitation of liability, lift the injunction restraining actions against limitation plaintiff Trawler Susan Rose, Inc. ("Trawler") as owner of the commercial fishing vessel, F/V SUSAN ROSE, and transfer this action to the United States District Court for the District of New Jersey. (DE # 23.) Trawler filed a response in opposition to the motion, (DE # 28), to which Maciura replied, (DE # 29). This matter is therefore ripe for disposition.

## I. BACKGROUND

On 18 September 2013, Maciura allegedly sustained injuries to his right hand and wrist while performing duties aboard the F/V SUSAN ROSE as its nets were being set into water in Cape May, New Jersey. Aware of Maciura's claim, Trawler initiated this action on 26 February 2016, seeking exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* ("Limitation Act"), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (DE # 1.) Shortly thereafter, on 7 March 2016, Maciura filed suit in the District of New Jersey against Trawler, Joseph Lee Rose ("Rose"), and the F/V SUSAN ROSE, alleging claims under the Jones Act, 46 U.S.C. § 30104, and the general maritime law of unseaworthiness and maintenance and cure. (See Ex. 2, DE #

24-2.) Maciura also demanded a jury trial on all of his claims as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963). (Id. ¶ 4.)

On 11 March 2016, this court entered an injunction and order enjoining the commencement or further prosecution of any action against Trawler arising from Maciura's injuries while the limitation action was pending. (DE # 11.) This court further ordered that all claims arising from the events set forth in the complaint be submitted on or before 10 June 2016. (DE ## 13, 21.) In accordance with this order, Maciura filed an answer to the limitation complaint, (DE # 25), along with a claim of damages for injury on 10 June 2016, (DE # 26). On that same date, Maciura filed the instant motion requesting this court stay the limitation action and lift the injunction so that he may proceed with his personal injury action in the District of New Jersey, and asking for transfer of the limitation action to the District of New Jersey. (DE # 23.) Along with the motion, Maciura submitted a set of stipulations acknowledging that the federal district court has exclusive jurisdiction to decide all issues relating to Trawler's right of limitation. (See Cl.'s Mem., Ex. 7, DE # 24-7.)

## II. ANALYSIS

### A. Motion to Stay Limitation Action and Lift Injunction

Maciura first moves this court to stay the limitation action and lift the injunction so that he can have his Jones Act and general maritime claims tried before a jury in his chosen forum, the District of New Jersey. (Cl.'s Mem., DE # 24, at 3.) In support of this motion, Maciura invokes the saving to suitors clause, arguing that he is entitled to proceed in the forum of his choice because he is the only claimant and is willing to offer stipulations concerning the district court's jurisdiction over the limitation action. (Id. at 4-5.)

2

Under the saving to suitors clause, 28 U.S.C. § 1333, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The saving to suitors clause "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims," including the right to a trial by jury in the claimant's choice of forum. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001); see also Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032, 1037 (11th Cir. 1996) (recognizing the saving to suitors clause "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice"). The Limitation Act, by contrast, grants federal courts exclusive admiralty jurisdiction over actions to determine whether a vessel owner is entitled to limited liability. See 28 U.S.C. § 1333(1) (vesting federal courts with exclusive jurisdiction over "any case of admiralty or maritime jurisdiction," including suits pursuant to the Limitation Act). As in all admiralty cases, there is no right to a jury trial in limitation proceedings. Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 152-53 (4th Cir. 1995). Thus, tension exists between the saving to suitors clause and the Limitation Act as one statute gives suitors a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability exclusively in admiralty in federal court. See Lewis, 531 U.S. at 448.

To resolve this conflict, the Supreme Court of the United States has carved out two exceptions to the exclusive admiralty jurisdiction conferred on the district courts by the Limitation Act. The first exception occurs when the value of the limitation fund exceeds the aggregate amount of all possible claims against the vessel owner. See Lake Tankers Corp. v. Henn, 354 U.S. 147, 154 (1957). The second exception arises when there is a single claimant whose claims exceed the value of the fund but who stipulates to the district court's exclusive

3

admiralty jurisdiction to determine any limitation of liability issues. See Langnes v. Green, 282 U.S. 531, 542 (1931) (approving a district court's conclusion "that, where there was only a single claim, there was no need for the adoption of the peculiar and exclusive jurisdiction of the admiralty court; and that an answer setting up the limitation of liability would give the shipowner the relief to which he is entitled"). Where the district court is satisfied that the owner's right to seek limitation will be protected, it is well within the court's discretion to dissolve the limitation injunction and allow the claimant to pursue his claims in the forum of his own choosing. Lewis, 531 U.S. at 454.

In the instant case, Maciura seeks to dissolve the limitation injunction pursuant to the single claimant exception. (Cl.'s Mem., DE # 24, at 3-5.) Trawler does not dispute that Maciura is the only claimant in this case or that he has stipulated to having all limitation issues adjudicated in the district court. (Limitation Pl.'s Resp., DE # 28, at 2.) However, Trawler argues that the saving to suitors clause is applicable only to actions filed in state court. (Id. at 9.) Trawler therefore argues that because Maciura pursued remedies in the District of New Jersey, rather than in a state court, the saving to suitors clause is not applicable and the injunction should not be lifted. (Id. at 9-10.)

The issue in this case centers upon the operation of the saving to suitors clause with respect to Maciura bringing a personal injury suit in a different federal district court. The saving to suitors clause permits a litigant "to take advantage of the procedural differences between the federal court 'in admiralty' and that of the non-maritime court." Bourgeois v. Weber Marine, LLC, 80 F. Supp. 3d 721, 724 (M.D. La. 2015) (citations omitted). As discussed by the Fourth Circuit Court of Appeals, "the effect of the saving-to-suitors clause is to permit maritime *in personam* claims to be pursued in federal court as maritime (and thus non-jury) claims, in state

4

court as legal claims, or in federal court as legal claims (for which a jury trial is available) if an independent basis for federal jurisdiction exists." In re Lockheed Martin Corp., 503 F.3d 351, 356 (4th Cir. 2007). Thus, the saving to suitors clause does allow a claimant to pursue a common-law remedy in federal district court. See In re Norfolk Dredging Co., No. 7:02-CV-110-FL, 2003 WL 23335933, at * 3-4 (E.D.N.C. Dec. 17, 2003) (ruling that a claimant could proceed with his Jones Act and general maritime claims pending on the law side of the district court upon diversity of the parties, during which time the limitation action would be stayed, if he entered into certain stipulations acknowledging the admiralty court's jurisdiction over the limitation action).

Although the saving to suitors clause affords a claimant the option of bringing maritime claims as part of a civil action in federal court, this grant of jurisdiction is limited to *in personam* maritime claims. See Madruga v. Superior Court of State of Cal. in & for San Diego Cty., 346 U.S. 556, 560-61 (1954) (holding that *in rem* claims lie exclusively within the federal court's admiralty jurisdiction and, therefore, are not within the saving to suitors clause). Maciura's complaint makes clear that he brings maritime claims against Trawler and Rose, *in personam*, as well as against the F/V SUSAN ROSE, *in rem*. (Compl., DE # 24-2, ¶ 4.) Because an *in rem* proceeding against a vessel may only be brought on the admiralty side of the federal district court, Maciura cannot invoke the saving to suitors clause for his *in rem* claims against the F/V SUSAN ROSE.

As to his *in personam* claims, the saving to suitors clause affords Maciura the option of asserting these claims at law in a federal district court provided there is an independent basis for federal jurisdiction. See Lockheed, 503 F.3d at 356; see also Luera v. M/V Alberta, 635 F.3d 181, 195 n.8 (5th Cir. 2011) (holding that even though the saving to suitors clause was not

5

triggered for plaintiff's *in rem* claims, "the clause [was] triggered for [plaintiff's] *in personam* claims, and she exercised the clause by bringing her claims in diversity rather than in admiralty"). In his complaint, Maciura states that he seeks to proceed in admiralty on his *in personam* maritime claims, at law on his Jones Act claim, and to have a trial by jury on all of his claims pursuant to Fitzgerald, 374 U.S. 16. (Compl., DE # 24-2, ¶¶ 33, 36.) The Jones Act provides a seaman a statutory right to "bring a civil action at law, with the right of a trial by jury, against the employer." 46 U.S.C. § 30104; see also Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 451 (4th Cir. 2012) ("Federal courts, sitting at law, have subject matter jurisdiction to hear and resolve Jones Act claims under federal question jurisdiction, 28 U.S.C. § 1331."). In Fitzgerald, the Supreme Court established that where a plaintiff brings a Jones Act claim at law for which he is entitled to a jury trial, and joins with it general maritime claims at law, the right to a jury extends to the maritime claims when "both arise out of one set of facts." 374 U.S. at 21. The Fourth Circuit has extended the Fitzgerald rule to authorize a jury trial of maritime claims brought under the district court's admiralty jurisdiction when joined with a factually-related Jones Act claim brought on the law side of the court with an election of a jury trial. See Vodusek, 71 F.3d at 153-4 (interpreting Fitzgerald as providing a jury trial right on all of a plaintiff's claims where she filed a single complaint in federal court alleging a claim in admiralty against the seller and a claim at law against the boat manufacturer). Therefore, given that Fitzgerald confers a right to jury trial on general maritime law claims that is not dependent on the distinction of whether such claims are brought in law or admiralty, Maciura can demand a jury trial on these claims as they arise from the same set of facts as his Jones Act claim.

Because Maciura is entitled to a jury trial on his federal claims brought in admiralty, this case does not present the typical conflict between the Limitation Act and the saving to suitors

6

clause for which it is appropriate to dissolve a limitation injunction and allow a claimant to proceed in a different forum. Cf. In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.3d 750, 755 (2d Cir. 1988) (noting the conflict between the Limitation Act and the saving to suitors clause arises from the fact "[t]here is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums"). In balancing the claimant's saving to suitors rights and the petitioner's limitation of liability rights, the Supreme Court has noted that "[t]he [Limitation] Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability." Lake Tankers, 354 U.S. at 152-53. Further, the Supreme Court has stressed that to expand the Limitation Act to prevent a claimant from proceeding in his chosen forum "would transform the [Limitation] Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights . . . ." Id. at 153. Because Maciura has established an independent basis for federal jurisdiction by bringing a Jones Act claim at law and has filed a stipulation acknowledging Trawler's rights under the Limitation Act, the court finds that he is entitled to proceed with his hybrid action consisting of related law and admiralty claims in the District of New Jersey. See Inland Dredging v. Sanchez, 468 F.3d 864, 867 (5th Cir. 2006) (holding that "a single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction" where a claimant who sought to pursue Jones Act and admiralty claims in a different federal court filed a stipulation protecting the shipowner's right to limited liability); In re Norfolk Dredging Co., 2003 WL 23335933, at * 4 ("'[G]iven adequate protection of the shipowner's right, a claimant is entitled to proceed in the forum of his or her choice regardless of the judicial inefficiency this decision may cause.'" (quoting In re Antill, No. Civ. A. 97-578, 1997 WL

7

399603, at * 5 (E.D. La. 1997)). Accordingly, the court will lift the injunction against other proceedings and stay this limitation action pending resolution of Maciura's *in personam* claims in the District of New Jersey.

**B. Motion to Transfer**

Additionally, Maciura moves the court to change the venue of this limitation action to the District of New Jersey. (Cl.'s Mem., DE # 24, at 5-8.) Maciura does not appear to dispute that venue is proper in North Carolina. Instead, he contends that that the convenience of the parties and witnesses, as well as the interests of justice require transfer to the District of New Jersey as the more appropriate venue. (Id. at 7-8.) Trawler opposes the change in venue, arguing that North Carolina is the more convenient forum under Supplemental Rule F(9) of the Federal Rules of Civil Procedure. (Limitation Pl.'s Resp., DE # 28, at 2-5.)

Rule F(9) sets forth the rules for venue and transfer of venue in limitation of liability cases. The Rule states:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district, and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district; if the venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P. Supp. R. F(9).

"The factors to be considered by th[e] court in determining whether a transfer is appropriate under Supplemental Rule F(9) are the same as those developed by the federal transfer statute, 28 U.S.C. § 1404(a)." In re Norfolk Dredging Co., 240 F. Supp. 2d 532, 534

8

(E.D. Va. 2002) (citing Petition of Alamo Chem. Transp. Co., 323 F. Supp. 789, 791 (S.D. Tex. 1970)). These factors include: "(1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general." Id. at 535 (citations omitted). The party seeking transfer bears the burden of clearly establishing that transfer is appropriate, and must "specify what evidence and witnesses it intends to rely on and show that the balance of convenience weighs heavily in its favor." Id.

The court first considers the convenience of the parties. Maciura is a resident of New York, while Trawler is a North Carolina corporation with its primary place of business in Beaufort, North Carolina. Since neither party resides in nor has a principal place of business in New Jersey, transferring the action to the District of New Jersey would simply shift the burden from one party to the other. Therefore, this factor weighs against transfer.

As to the convenience of the witnesses, the parties have identified two former crew members who were on the vessel at the time Maciura was injured—Eric Lawson and Timothy Gilmartin. Lawson is a resident of North Carolina. Although Trawler claims that Gilmartin's whereabouts are unknown, Maciura's counsel has confirmed that Gilmartin currently resides in Cape May, New Jersey. (Parise Declr., DE # 29-1, ¶ 5.) With respect to medical witnesses, Maciura asserts that he received initial treatment for his injuries at Burdette Tomlin Memorial Hospital in Cape May, New Jersey, but lists no potential testifying witnesses from the facility. (Maciura Aff., DE # 24-8, ¶ 9.) He further claims that he received follow-up treatment from physicians in New Jersey and Long Island, New York, but provides no further detail as to any of these witnesses. (Id. ¶ 10.) In its reply to Maciura's motion, Trawler lists a number of Maciura's

medical providers, who purportedly reside in New Jersey and New York. (DE # 28, at 6.) Based on this list, it appears that all but one of these medical providers practice in or around Long Island, New York. It is also apparent that the identified potential witnesses in this case would, for the most part, be closer to New Jersey than to North Carolina. Therefore, the court finds that the convenience of the witnesses favors transfer.

Next, the court considers the availability of process to compel the non-party witnesses. While Trawler acknowledges that North Carolina is further from the New York medical providers than New Jersey, it contends that New Jersey and North Carolina are equally inconvenient venues as neither district has absolute subpoena power over the relevant witnesses. Federal Rule of Civil Procedure 45 provides a district court with subpoena power to order a witness's attendance at a trial or hearing within 100 miles of the witness's residence, place of employment, or regular place of business. Fed. R. Civ. P. 45(c)(1)(A). It appears that all of the New York medical providers practice within the vicinity of Long Island, New York, which is some 150 miles outside of the division of the federal district court in Camden, New Jersey, where Maciura seeks to transfer this action. Thus, while the inconvenience to the New York providers may be somewhat diminished by their close proximity to New Jersey, these witnesses live outside of the range of that court's subpoena power. Maciura has offered no evidence showing that these physicians will voluntarily attend trial without a subpoena, or that they are retained expert witnesses. Moreover, if Maciura needs to obtain testimony from any treating physicians in New York, such testimony may be obtained by deposition. Because the New York medical providers are equally beyond the subpoena power of the District of New Jersey and this court, this factor does not weigh in favor of transfer.

10

The court gives substantial weight to the fact that the accident giving rise to this action took place while the vessel was off the coast of Cape May, New Jersey. See In re Miller Marine Servs., Inc., No. 12 CV 5680(RJD)(JMA), 2013 WL 5460937, at * 7 (E.D.N.Y. Sept. 30, 2013) (noting the location of the accident was a "dispositive factor" in determination to transfer venue); In re Norfolk Dredging Co., 240 F. Supp. 2d at 537 (concluding the location where the collision giving rise to the action took place was "[o]f primary significance" and supported the transfer action to a different district court). Trawler acknowledges that the incidents giving rise to Maciura's injury have a nexus with New Jersey, however, it contends that North Carolina is the more convenient forum because the company and its vessel have few connections to New Jersey. It is undisputed that the F/V SUSAN ROSE is a shipping vessel registered in New Jersey, Maciura was hired in New Jersey, and the voyage upon which Maciura was injured commenced and concluded in Cape May, New Jersey. The court therefore concludes that the local interest in this case supports transfer.

The public interest also weighs in favor of transfer, as this limitation action will be stayed in order to permit Maciura to proceed with his personal injury suit in the District of New Jersey. Moving forward in two districts creates potential for wasteful and duplicative proceedings. Because the right to litigate limitation of liability is fully protected in either forum, it would be a more efficient use of resources to have one court hear all matters in controversy. See In re Miller, 2013 WL 5460937, at * 6-7 (reasoning that a single claimant case should be heard in one forum for convenience of all concerned and finding the district where the incident took place the most convenient forum). The court gives some deference to the fact Trawler initially selected this venue for its limitation action. However, "when a petition arises from a single incident injuring a single claimant, the vessel owner should not be able to supplement its considerable

11

advantages under the Limitation Act by claiming the deference [the court] usually afford[s] to a civil plaintiff's choice of forum." Id. at *7.

Based on this analysis of factors, the court finds that the countervailing interests weigh heavily toward granting transfer given the fact the incident occurred in the New Jersey, and related litigation will proceed in the District of New Jersey. Therefore, the court is compelled to exercise its discretion to transfer this limitation action to the District of New Jersey.

### III. CONCLUSION

For the reasons set forth above, Maciura's motion to stay this limitation action and dissolve the injunction restraining his personal injury action in the District of New Jersey is GRANTED as to his *in personam* claims, and DENIED as to his *in rem* claims. Maciura's motion to transfer this limitation action is GRANTED and this action is transferred to the United States District Court for the District of New Jersey.

This 4 January 2017.

_____
W. Earl Britt
Senior U.S. District Judge